| | |
|---|---|
| UNITED STATES DISTRICT COURT<br>EASTERN DISTRICT OF NEW YORK<br>----------------------------------------------------------------x<br>BRUCE BIGGS,<br><br>                            Petitioner,<br><br>        -against-<br><br>JOSEPH T. SMITH, Superintendent,<br><br>                            Respondent.<br>----------------------------------------------------------------x | ONLINE PUBLICATION ONLY<br><br><br><br><br>MEMORANDUM AND ORDER<br><br>09-CV-4377 (JG) |

A P P E A R A N C E S:

    BRUCE BIGGS
        Shawagunk Correctional Facility
        Wallkill, New York 12589
        *Petitioner* Pro Se

    CHARLES J. HYNES
        District Attorney for
        Kings County
        350 Jay Street
        Brooklyn, New York 11201
    By:    Thomas M. Ross
        *Attorney for Respondent*

JOHN GLEESON, United States District Judge:

        Bruce Biggs petitions for a writ of habeas corpus pursuant to 28 U.S.C. § 2254, seeking to overturn his conviction in New York State Supreme Court, Kings County, of two counts of manslaughter in the second degree. Biggs, who was found guilty of these charges in his third trial for the shooting deaths of Henry Carter and Marion Mabry, claims that the prosecution was barred by the Double Jeopardy Clause and that he was denied effective assistance of counsel. For the reasons discussed below, I deny his petition.

BACKGROUND

The government's evidence at trial established that Bruce Biggs shot to death Henry Carter and Marion Mabry on February 19, 1999 at 595 Halsey Street in Brooklyn.

After the killings, Biggs was charged with two counts of murder in the first degree, two counts of intentional murder in the second degree, two counts of depraved indifference murder in the second degree, criminal possession of a weapon in the second degree and criminal possession of a weapon in the third degree. At the first trial, the judge dismissed the first-degree murder and second-degree intentional murder counts because he found the evidence legally insufficient to establish that Biggs intentionally murdered Carter and Mabry. The judge submitted the two counts of depraved indifference murder in the second degree and two counts of second-degree manslaughter (as a lesser included offense) to the jury. The jury acquitted Biggs of the two counts of depraved indifference murder and hung on the second-degree manslaughter counts.

The state obtained a second indictment, this time charging Biggs with two counts of manslaughter in the first degree and two counts of manslaughter in the second degree. At the second trial, the jury found Biggs guilty of the two counts of first-degree manslaughter and consequently did not consider the second-degree manslaughter counts.

Biggs appealed his conviction, arguing that the trial judge's dismissal of the intentional murder charges at his first trial constituted an acquittal of any lesser included offenses, including first-degree manslaughter. Accordingly, he argued, the prosecution for these counts and his conviction violated the Double Jeopardy Clause. The Appellate Division denied his claim, *People v. Biggs*, 751 N.Y.S.2d 222 (2d Dep't 2002), but the Court of Appeals granted him leave to appeal, 99 N.Y.2d 626 (2003), and agreed that the Double Jeopardy Clause barred a

prosecution for first-degree manslaughter, 1 N.Y.3d 225 (2003). The Court of Appeals vacated his conviction and ordered the state to retry him on the second-degree manslaughter counts. *Id.*

Relying on the second indictment, the state tried Biggs again. A jury found him guilty of the two counts of second-degree manslaughter, and he was sentenced to two consecutive prison terms of seven and one-half to fifteen years.

Biggs appealed his second conviction on the grounds, among others, that his conviction violated double jeopardy principles under New York and federal law and that certain statements made by the prosecution in its summation were improper. Biggs also argued that his trial counsel was constitutionally ineffective for failing to adequately raise a double jeopardy defense, failing to move to dismiss the second-degree manslaughter charges on the ground that the evidence established only intentional homicides, and failing to preserve a claim regarding the prosecution's improper statements during summation. The Appellate Division rejected these claims as meritless without further elaboration and denied Biggs relief. 859 N.Y.S.2d 724 (2d Dep't 2008). The Court of Appeals denied him leave to appeal. 11 N.Y.3d 785 (2008).[1]

Biggs filed this habeas petition on September 28, 2009. He asserts the same double jeopardy and ineffective assistance claims he pressed in his direct appeal.

---

[1] Biggs also filed two motions to vacate his conviction pursuant to New York Criminal Procedure Law § 440.10, one before his direct appeal and one after. In his first motion, he claimed that (1) the prosecution's failure to obtain a new indictment before his third trial violated double jeopardy principles, (2) his lawyer was ineffective for failing to raise this double jeopardy claim, among other reasons, and (3) evidence that he dealt drugs was improperly admitted at trial. The Supreme Court, Kings County, denied the motion. *People v. Biggs*, Indictment No. 4191-2000 (Apr. 28, 2006). It held that the record was adequate for the Appellate Division to review some of Biggs's claims on the pending direct appeal and that Biggs had not supported his remaining claims with sworn allegations. Biggs did not seek leave to appeal. In his second motion, he asserted the same double jeopardy claim that he raised on direct appeal and in this habeas petition. The Supreme Court, Kings County, rejected the claim as procedurally barred and meritless, *People v. Biggs*, Indictment No. 4191-2000 (Aug. 31, 2009), and the Appellate Division denied him leave to appeal, No. 2009-08878 (2d Dep't Dec. 11, 2009).

3

DISCUSSION

The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") limits the scope of federal habeas review of claims challenging a state conviction that state courts have adjudicated on the merits. 28 U.S.C. § 2254(d). A federal court may overturn a state court's ruling on the merits of a claim only if the ruling "was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States," or "was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." *Id.*

A. *The Double Jeopardy Claim*

Biggs argues that his conviction of two counts of second-degree manslaughter violates the Double Jeopardy Clause because he was acquitted of the intentional murder or the depraved indifference murder of Carter and Mabry at his first trial.[2] Biggs misunderstands the protections of the Double Jeopardy Clause. At Biggs's first trial, two counts of second-degree manslaughter were submitted to the jury as lesser included offenses of the depraved indifference second-degree murder counts returned by the grand jury. Once the jury was sworn, jeopardy for the second-degree manslaughter charges attached. *See Richardson v. United States*, 468 U.S. 317, 325 (1984). At that point, "the protection of the Double Jeopardy Clause by its terms applies only if there has been some event, such as an acquittal, which terminates the original jeopardy." *Id.* Failure to reach a verdict is not such an event. *See United States v. Chestaro*, 197 F.3d 600, 608 (2d Cir. 1999) ("[I]t is well established that a defendant may be retried, with no offense to double jeopardy, after his first trial results in a deadlocked jury."). Accordingly,

---

[2] The judge at Biggs's first trial found the evidence legally insufficient to establish intentional murder. A dismissal of a count on that ground is the equivalent of an acquittal for the purposes of the Double Jeopardy Clause. *See Burks v. United States*, 437 U.S. 1, 10-11 (1978).

4

because the jury hung on the second-degree manslaughter charges in Biggs's first trial and did not consider the second-degree manslaughter charges at all in his second trial, the Double Jeopardy Clause posed no bar to the state's third prosecution of Biggs for those same charges. It is true that if the second-degree manslaughter counts had not been submitted to the jury in Biggs's first trial, the jury's acquittal on the depraved indifference counts would have operated as an acquittal on all lesser included offenses, including the second-degree manslaughter counts. *See id.* at 609. "But the double jeopardy bar does not apply where the jury has been expressly asked to consider a lesser included offense and states that it is unable to reach a verdict on that offense." *Id.*

The doctrine of issue preclusion also placed no impediment to Biggs's third trial on the second-degree manslaughter counts. That doctrine forbids a later prosecution only if the government could not prevail without "relitigating any issue that was necessarily decided by a jury's acquittal in a prior trial." *Yeager v. United States*, 129 S. Ct. 2360, 2366 (2009); *see also Chestaro*, 197 F.3d at 609 ("The collateral estoppel component [of the Double Jeopardy Clause] precludes the government from retrying a defendant where the jury's verdict in the initial trial necessarily determined in the defendant's favor an issue that would be an element of the offense to be proven at retrial."). Because the counts of which Biggs was acquitted -- first-degree murder, intentional second-degree murder, and depraved indifference second-degree murder -- all require greater or different elements than does second-degree manslaughter, his conviction for second-degree manslaughter did not imply the negation of any fact necessarily found by the first jury. *See* N.Y. Penal Law § 125.27 (first-degree murder), § 125.25 (second-degree murder), § 125.15 (second-degree manslaughter).

B.  *The Ineffective Assistance of Counsel Claims*

To be denied the Sixth Amendment right to effective assistance of counsel, a defendant must have been prejudiced by his lawyer's deficient performance. Thus, to establish ineffective assistance, "the defendant must show that counsel's representation fell below an objective standard of reasonableness," *Strickland v. Washington*, 466 U.S. 668, 688 (1984), and "that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different," *id.* at 694.

1.  *Failure to Raise Double Jeopardy Defense*

Biggs argues that his lawyer was constitutionally ineffective because he failed to argue that Biggs's third trial on second-degree manslaughter charges was barred by the Double Jeopardy Clause. But, as explained above, Biggs's conviction did not offend double jeopardy principles. Therefore, Biggs's lawyer did not act unreasonably in choosing not to raise this defense, and, even if he did, Biggs could not have been prejudiced by a failure to assert a losing defense.

2.  *Failure to Move to Dismiss Second-Degree Manslaughter Charges*

Biggs also argues that his lawyer was ineffective because he did not move to dismiss the second-degree manslaughter counts on the ground that the evidence supported only intentional murder charges. Under New York law, however, second-degree manslaughter is a lesser included offense of intentional murder. To obtain a conviction for intentional murder, the government must prove that the defendant, with intent to cause the death of another person, caused someone's death. *See* N.Y. Penal Law § 125.25. But to obtain a conviction for second-degree manslaughter, the government need only prove that the defendant recklessly caused someone's death. *See* N.Y. Penal Law § 125.15. Accordingly, evidence sufficient to support an

6

intentional murder conviction is always sufficient to support a second-degree manslaughter conviction. Moreover, there is no requirement that a criminal charge be dismissed simply because the evidence against the defendant would indisputably support a conviction of a more serious charge. Therefore, even if Biggs is correct that the evidence against him supported intentional murder charges, any motion to dismiss the second-degree manslaughter charges on that ground would have been meritless. Again, Biggs could not have been prejudiced by his lawyer's failure to make such an application.

    3.    *Failure to Object to Summation Statements*

Lastly, Biggs argues that his lawyer was ineffective because he did not object to the prosecutor's statements, during summation, that the jury should find two government witnesses credible because they could have easily altered their testimony to make it more damning if they were lying. A prosecutor is not permitted to vouch for the credibility of a government witness by relying on, or implying the existence of, extraneous proof. *See United States v. Perez*, 144 F.3d 204, 210. A prosecutor does not violate this principle, however, by urging the jury to infer credibility from the less than neat testimony that a government witness did give. *See id.* ("[W]hat might superficially appear to be improper vouching for witness credibility may turn out on closer examination to be permissible reference to the evidence in the case."). Since the prosecutor's summation statements were not improper, Biggs's lawyer did not act unreasonably by not objecting to them.

## CONCLUSION

The petition is denied. Because Biggs has not made a substantial showing that he was denied a constitutional right, no certificate of appealability shall issue.

So ordered.

John Gleeson, U.S.D.J.

Dated: March 1, 2010
 Brooklyn, New York